UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARIA D. GARCIA, as surviving spouse, as
Administrator and Personal Representative of
the Estate of Jose Garcia and on behalf of her
minor children Gabriela Garcia and Luis
Garcia,

               Plaintiff,

v.                                    Case No.  5:06-cv-220-Oc-10GRJ

VANGUARD CAR RENTAL USA, INC., a
Delaware corporation, VANGUARD RENTAL
(BELGIUM) INC., a Florida corporation,
NATIONAL RENTAL (US), INC., a Delaware
corporation f/k/a National Car Rental, ALAMO
FINANCING, L.P., a foreign limited
partnership, ALAMO RENT-A-CAR (CANADA)
Inc., a Florida corporation, GREGORY DAVIS,

               Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff Garcia's Motion to Remand and Supporting

Memorandum of Law. (Doc. 11.)  Defendants have filed a Memorandum of Law In

Opposition to Plaintiff's Motion (Doc. 13) and the matter is, therefore, ripe for the Court's

consideration. For the reasons discussed below, Plaintiff's Motion to Remand (Doc. 11)

is due to be **DENIED**.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

## I. BACKGROUND & FACTS

This case involves a three vehicle motor vehicle accident, on February 2, 2005 in Marion County, Florida, in which two passengers were killed, one of whom was Jose Garcia. On May 26, 2006, Maria D. Garcia, a resident of Georgia, filed this action in Florida state court as the surviving spouse and personal representative of the estate of Jose Garcia, and on behalf of her minor children, Gabriela Garcia and Luis Garcia,[2] for wrongful death arising from the motor vehicle accident. It is undisputed that of the five business entities named as defendants, two are Delaware corporations with their principal place of business in Oklahoma,[3] one is a Delaware limited partnership with its principal place of business in Oklahoma[4] and two are Florida corporations.[5] Defendant Gregory Davis - the driver of the other vehicle involved in the motor vehicle accident and the lessee of the subject motor vehicle - is a resident of Pennsylvania.

As disclosed in Plaintiff's Complaint (Doc. 2), Defendant Gregory Davis was a non-resident operator of a 2004 Dodge Stratus, which was traveling northbound on State Road 93 in Marion County, Florida on February 2, 2005.  Plaintiff alleges that Defendant Davis was negligently and recklessly attempting to change lanes, thereby colliding with a vehicle operated by Antonio Perez Martinez.  Plaintiff alleges that as a direct and proximate result of Defendant Davis' own negligence, Davis lost control of the

---

[2] Jose Garcia and the two minor children also are citizens of Georgia.

[3] National Rental (US), Inc., Vanguard Car Rental USA Inc. (Doc. 13.)

[4] Alamo Financing, L.P. also has only two partners, Alamo Financing L.L.C. the general partner, and Vanguard Car Rental U.S.A., Inc. its sole limited partner. Both entities also are organized under the laws of Delaware and have their principal place of business in Oklahoma.

[5] Vanguard Rental (Belgium) Inc. and Alamo Rent-A-Car (Canada) Inc. (Doc. 13.)

vehicle, swerved into traffic and struck the left side of the vehicle operated by Decedent

Jose Garcia and occupied by Israel Juarez and Decedent Nelson Ruiz.  Plaintiff further

alleges that as a direct and proximate result of the impact, Garcia lost control of the

vehicle causing it to strike a tree, the impact of which proximately caused the death of

both Ruiz and Garcia.

Defendants removed the case to this Court on June 29, 2006, pursuant to 28

U.S.C. §§1332, 1441 and 1446. (Doc. 1.) In their Notice of Removal, Defendants claim

that this action falls within this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1)

because the parties are citizens of different States and the amount in controversy

exceeds $75,000. Defendants allege that the two Florida corporations named as

defendants - Vanguard Rental (Belgium) Inc. and Alamo Rent-A-Car (Canada) Inc.

(collectively the "Florida Defendants") - were fraudulently joined by Plaintiff for the sole

purpose of attempting to destroy diversity of citizenship.[6]

Plaintiff filed a motion to remand claiming that the case should be remanded to

state court on the grounds that this Court lacks subject matter jurisdiction because an

action cannot be removed, as here, where there are in-state defendants. Further,

Plaintiff argues that the joinder of  Vanguard Rental (Belgium) Inc. and Alamo Rent-A-

Car (Canada) Inc. was not fraudulent because they are statutory owners of the vehicle

operated by Defendant Davis pursuant to § 324.021, Florida Statutes.

---

[6] Doc. 2, ¶ 12.

## II.  **LEGAL STANDARDS**

It is well established that for removal to be proper under 28 U.S.C. § 1441 "no

defendant can be a citizen of the state in which the action was brought." However,

"even if a named defendant is such a citizen ... it is appropriate for a federal court to

dismiss such a defendant and retain diversity jurisdiction" if the joinder of that defendant

was fraudulent.[7]

Fraudulent joinder is a judicially created doctrine that provides an exception to

the citizenship requirements of removal jurisdiction.[8] The Eleventh Circuit has

recognized three situations in which fraudulent joinder arises.[9] The first is when there is

no possibility that the plaintiff can prove a cause of action against the resident

defendant.[10] The second is when there is outright fraud in the plaintiff's pleading of

jurisdictional facts.[11] Finally, fraudulent joinder arises where a diverse defendant is

joined with a non-diverse defendant as to whom there is no joint, several or alternative

liability and where the claim against the diverse defendant has no real connection to the

claim against the non-diverse defendant.[12]

As to the first type of fraudulent joinder, which is the only type relevant to the

Court's resolution of the instant motion to remand, "if there is even a possibility that a

---

[7] Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001).

[8] *Id.*; *see also,* Triggs v. John Crump Toyota, Inc., 154 F. 3d 1284, 1287 (11th Cir. 1998).

[9] Triggs at 1287.

[10] *Id. Citing* Coker v. Amoco Oil Co., 709 F. 2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds, see* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F. 2d 1533 (11th Cir. 1993).

[11] Triggs at1287 *citing* Coker at 1440.

[12] *Id. Citing* Tapscott v. MS Dealer Service Corp., 77 F. 3d 1353, 1355 (11th Cir. 1996).

state court would find the complaint states a cause of action against any one of the

resident defendants, the federal court must find that the joinder was proper and remand

the case to state court."[13] The plaintiff need not have a "winning case" against the

allegedly fraudulent defendant.[14]  Rather, the Plaintiff need only have "a possibility of

stating a valid cause of action in order for the joinder to be legitimate."[15] Conversely, the

burden on Defendants to establish fraudulent joinder is a heavy one to bear.[16]

"While the proceeding [...] for resolving a claim of fraudulent joinder is similar to

that used for ruling on a motion for summary judgment under F. R. Civ. P. 56(b), the

jurisdictional inquiry must not subsume substantive determination."[17] Accordingly, to

determine whether a case should be remanded, the court "must evaluate the factual

allegations in the light most favorable to the plaintiff and must resolve any uncertainties

about state substantive law in favor of the plaintiff."[18] These determinations are based

on the plaintiff's pleadings at the time of removal, and on the affidavits and deposition

transcripts submitted by the parties.[19] However, in considering a motion to remand, a

federal court must not "weigh the merits of a plaintiff's claim beyond determining

---

[13] *Id.*; <u>Tillman,</u> 340 F. 3d 1277, 1279.

[14] <u>Triggs</u> at 1287.

[15] *<u>Id.</u>*

[16] <u>Crowe v. Coleman</u>, 113 F. 3d 1536, 1538 (11th Cir. 1997) *Citing* <u>B, Inc. v. Miller Brewing Co.,</u> 663 F. 2d 545, 549 (5th Cir. Unit A 1981).

[17] *Id.*

[18] *Id.*

[19] <u>Crowe</u> at 1538. *See also* <u>Coker</u> at 1440 (Both parties may submit affidavits and deposition transcripts to support their positions with respect to a motion to remand.)

whether it is an arguable one under state law."[20] The Defendants have filed an affidavit

in support of their argument that joinder is fraudulent.[21] Plaintiff has not filed any

affidavits or other evidentiary material in support of her request to remand.

## II. **DISCUSSION**

Plaintiff argues that Defendants have failed to establish that the joinder of the

Florida Defendants was fraudulent because pursuant to Florida Statute

324.021(9)(b)(2),[22] the Florida Defendants are "statutory owners" of the motor vehicle

driven by Defendant Davis and, therefore, may be liable under Florida law.  According

to Plaintiff, § 324.021(9)(b)(2) creates a cause of action against the Florida Defendants

for the resulting death of the decedent, Garcia.

The Defendants argue that under Florida law there is no possibility of a claim

against the Florida Defendants because they neither leased the subject vehicle nor had

any ownership interest in the vehicle. According to Defendants, Florida Statute 324.021

does not create a cause of action but rather is a financial responsibility law for lessors of

motor vehicles. Because the Florida Defendants were neither owners nor lessors of the

subject motor vehicle Florida Statute § 324.021 does not apply to them - and does not

---

[20] *Id.*

[21] *See,* affidavit of Kim Stark, Doc. 13, attachment.

[22] Fla. Stat. § 324.021(9)(b)(2) states in relevant part:

> [t]he lessor, under an agreement to rent or lease a motor
> vehicle for a period of less than 1 year shall be deemed the
> owner of the motor vehicle for the purpose of determining
> liability for the operation of the vehicle or the acts of the
> operator  .... only up to $100,000 per person and up to
> $300,000 per incident for bodily injury and up to $50,000
> for property damage."

create liability for non-lessor, non-owners of motor vehicles. Defendants point out that

liability is created by Florida's dangerous instrumentality doctrine and that Chapter 324

is restricted to imposing financial responsibility upon owners of motor vehicles as a

condition of registering and operating motor vehicles and imposes liability upon lessors

for failure to meet financial responsibility requirements.

Florida's dangerous instrumentality doctrine was adopted in 1920 by the Florida

Supreme Court and imposes strict vicarious liability upon the owner of a motor vehicle,

who voluntarily entrusts a motor vehicle to an individual whose negligent operation

causes damage to another.[23] The Florida Supreme Court later expressly imposed the

doctrine of vicarious liability on owners of a motor vehicle acting as a lessor for the

negligent operation of the vehicle by the lessee.[24]  The bottom line is that "[i]n

determining who is vicariously liable under the dangerous instrumentality doctrine [the

Florida Supreme Court] ... has required that the person held vicariously liable have an

identifiable property interest in the vehicle, such as ownership, bailment, rental, or lease

of a vehicle."[25] There are very few exceptions to the dangerous instrumentality

doctrine.[26]

However, § 324.021(9)(b)(2), provides a statutory exception from vicarious

liability under the dangerous instrumentality doctrine for owners of motor vehicles

---

[23] See Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 468 (Fla. 1920); Aurbach v. Gallina, 753 So.2d 60, 62 (Fla. 2000).

[24] Susco Car Rental System v. Leonard, 112 So.2d 832, 835-36 (Fla. 1959.)

[25] Aurbach, 753 at 62.

[26] *Id.*

leased for one year or longer.[27] Long time lessors are not vicariously liable under the dangerous instrumentality doctrine so long as there is strict compliance with the insurance requirements in the statute.[28]  On the other hand, with regard to owners or lessors of motor vehicles leased for less than one year § 324.021(9)(b)2, provides that the lessor shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith but only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage. Furthermore, if the lessor or operator of the vehicle is uninsured or has insurance with limits less than $500,000 combined property damage and bodily injury liability, the lessor shall be liable for up to an additional $500,000 in economic damages arising out of the use of the motor vehicle.

The legislature enacted section 324.021(9)(b) in order to limit strict vicarious liability for short term lessors of motor vehicles and to shift responsibility for damages arising out of motor vehicle accidents from innocent owners and lessors of motor vehicles to those at fault.[29]

---

[27] *Id.* at 63 n. 2., *see,* Fla. Stat. § 324.021(9)(b)1.

[28] *Id.*

[29] See Lewis v. Enterprise Leasing Co., 912 So.2d 349 (Fla. 3d DCA 2005). Moreover, while legislative "history" is not dispositive of the intent of the legislation, the staff analysis by the Florida House of Representatives is particularly instructive with regard to the background that led to the enactment of this legislation. The Staff Analysis discloses that the legislation was initiated because "Several of the larger rental car companies have established business arrangements with companies which are the holders of the motor vehicle titles of the rental cars, and those companies are seeking protection from liability." The Staff Substantive Analysis of the legislation discloses that the bill protects "companies that hold title to, and thus actually own, the fleets of rental vehicles from liability under the same law that protects the rental companies, extending such liability protection to companies that do not actually rent vehicles on a day-to-day basis." FL Staff An., H.B. 551(April 18, 2005). Further, the Staff Analysis recites that the bill expands the scope of the term "rental company" and this "expansion allows the holder of title or a related rental or leasing company to qualify for the protections in § 324.021(9)(b)(2)."

Relying upon two Florida trial court decisions - *Vega v. Penske*[30] and *Poole v. Enterprise Leasing Co. Of Orlando*[31] -  Plaintiff argues that § 324.021(9)(b)(2) creates a cause of action against the Florida Defendants as "statutory owners." The Court disagrees.

Neither *Vega* nor *Penske* stand for the proposition that under Florida law a company that may have a corporate relationship to the owner or lessor of the vehicle is vicariously liable for the negligence of the operator of the motor vehicle where the company does not have any ownership or equitable interest in the motor vehicle and the company does not have any involvement as the lessor of the vehicle.

In *Vega* and *Poole*, the car rental companies, which were alleged to be the owners of the leased vehicles, challenged Plaintiff's claim against them based upon vicarious liability arguing that vicarious liability under § 324.021(9)(b)(2) was eliminated under the *Graves* Amendment.[32] The state trial courts in *Vega* and *Poole* held that Chapter 324 of the Florida Statutes is a qualifying financial responsibility law that is an exception to the *Graves* Amendment and therefore the *Graves* Amendment did not bar a suit against an owner-lessor of a motor vehicle. That issue, however, is not the issue advanced by Defendants in support of their argument that Chapter 324 does not authorize a suit against Florida companies, like those here, who are not owners, lessors or entities covered by § 324.021(9)(b). Thus, neither *Vega* nor *Poole* (or other Florida

---

[30] No. 05-17158-CA-08 (Fla. 11th Cir. Ct. June 14, 2006), *See,* Doc. 11, Ex. A.

[31] No. 05-2005-CA-008150 (Fla. 18th Cir. Ct. Jan. 19, 2006), *See,* Doc. 11, Ex. B.

[32] The Safe, Accountable, Flexible, Efficient Transportation Equity Act, 49 U.S.C. § 30106. The *Graves* Amendment is a provision of the act that preempts state tort laws that permit motor vehicle lessors to be held vicariously liable for the tortious acts of their lessees.

trial court decisions)[33] suggest or recognize a cause of action against companies like

the Florida Defendants, who are not owners or lessors of the vehicle or at least involved

in the rental transaction.

Other than relying upon *Vega* and *Penske* - both of which are inapposite for the

reasons discussed above - Plaintiff points to § 324.021(9)(c) in support of her position

that the Florida Defendants are "statutory owners" even though they do not have an

ownership interest in the leased vehicle and did not have any involvement in leasing the

vehicle. Plaintiff's argument again misses the point.

Florida Statute § 324.021(9)(c)1. provides that the limits on liability in the statute

apply to "a rental company that rents or leases motor vehicles." This section goes on to

provide a definition of the term "rental company"and then specifically states that the

definition also includes: "[a] related rental or leasing company that is a subsidiary of the

same parent company as that of the renting or leasing company that rented or leased

the vehicle."[34] Relying upon this definition of "rental company" Plaintiff concludes that

the Florida Defendants are "statutory owners" or at least the Defendants have failed to

prove that there is no possibility that a Florida court would find that there is a cause of

action against the Florida Defendants. Plaintiff suggests that the copies of the print-outs

of the records from the Florida Department of State, Division of Corporations[35] -

originally filed by Defendants as exhibits to their notice of removal - evidence that the

---

[33] Plaintiff also filed a notice of supplemental authority (Doc. 14) in which another Florida trial court held the same as the trial courts in *Vega* and *Penske*.

[34] Fla. Stat. § 324.021(9)(c)1.a.

[35] *See,* Doc. 1, Exs. 2-6.

Florida Defendants are related to the other Defendants in that each of the Defendants lists the same office in Tulsa, Oklahoma., as its principal place of business and each company shares at least one of the same officers/directors.

While this may be true - and for purposes of this motion the Court will assume that the records are accurate - the Court also has the benefit of an affidavit submitted by Defendants in opposition to Plaintiff's Motion to Remand, which the Court is authorized to consider in determining whether there is a possibility of a claim under Florida law against the Florida Defendants.[36]

The affidavit, filed by Defendants,[37] expressly states that the Florida Defendants: (1) "have absolutely no ownership interest in the vehicle ... that is the subject of this lawsuit.", (2) are not holders of the motor vehicle title, or have an equity interest in the motor vehicle title, in the vehicle ... that is the subject of this lawsuit.", (3) did not lease, rent, or were not otherwise involved in the transaction whereby the subject motor vehicle was leased to Gregory Davis", and (4) had no involvement or connection with the rental of the subject automobile ... that is the subject of this lawsuit." The affidavit goes on to advise that Alamo Rent-A-Car (Canada) operates rental car operations in Canada and Vanguard Rental (Belgium) Inc. is a U.S. registered company with a branch set up to operate Belgian business and is currently dormant. Lastly, the affidavit discloses that neither of the Florida Defendants "operate facilities nor derive revenue from operations within the State of Florida." The Plaintiff has not provided any affidavits

---

[36] Crowe at 1538. *See also* Coker at 1440 (Both parties may submit affidavits and deposition transcripts to support their positions with respect to a motion to remand.)

[37] Doc. 13, Exhibit.

or information to controvert these sworn facts submitted by Defendants and, indeed,

does not even argue that the representations in the affidavit are untrue. Rather, the

Plaintiff only argues that these representations do not prove that there is no possibility

of a claim under Florida law against the Florida Defendants.

Here, the parties do not seriously dispute that Alamo Financing L.P. is the

registered owner of the subject vehicle.[38] The vehicle was rented from National Rental

Car, (n/k/a as National Rental (US), Inc.), which is owned by Vanguard Car Rental USA

Inc.[39] Thus, in order for the Florida Defendants to fall within the definition of "rental

company" at a minimum they would have to be a subsidiary of Vanguard Car Rental

USA, Inc., the parent of National Rental Car, and also be "a related rental or leasing

company."  While it is highly questionable whether the Florida Defendants could be

considered "a related rental or leasing company" - in view of the fact that they never had

any ownership interest in the vehicle and had nothing to do with the lease of the vehicle

- even if they were considered to be a "related rental company that is a subsidiary of the

same parent company ... of the ... company that rented ... the vehicle," that only means

they would be entitled to the same financial protection as the rental company and not

that they could be held vicariously liable under the dangerous instrumentality doctrine.

That is so because Chapter 324 is an exception designed to protect rental car

companies from unlimited vicarious liability for damages under the dangerous

instrumentality doctrine and is not a statute that independently creates a cause of action

---

[38] Doc. 1., ¶17.

[39] *Id.*

against car rental companies or related subsidiaries that have no ownership in the

leased motor vehicle or that were not in any way connected to the lease of the motor

vehicle.

For this reason even drawing all reasonable inferences in favor of the Plaintiff,

there is simply no reasonable basis for predicting that Florida law might impose

vicarious liability against the Florida Defendants for the negligent operation of the motor

vehicle by Gregory Davis, the driver of the subject rental vehicle.

Because there is no possibility of a cause of action against the Florida

Defendants under Florida law, the Florida Defendants are not  "parties in interest

properly joined and served", who are "citizens of the State in which such action is

brought" as proscribed in  28 U.S.C. § 1441(b). Accordingly, the Court concludes that

the Florida Defendants were fraudulently joined and thus their presence in this case

does not preclude the Defendants from removing this case to federal court.

## IV.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion

to Remand (Doc. 11) be **DENIED**.

**IN CHAMBERS** in Ocala, Florida, on this 31st day of October, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:

Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record