UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARIA D. GARCIA, as surviving spouse,
as Administrator and Personal
Representative of the Estate of Jose Garcia
and on behalf of her minor children
Gabriela Garcia and Luis Garcia,

           Plaintiff,

-vs-                                          Case No. 5:06-cv-220-Oc-10GRJ

VANGUARD CAR RENTAL USA, INC., a
Delaware corporation, VANGUARD
RENTAL (BELGIUM) INC., a Florida
corporation, NATIONAL RENTAL (US),
INC., a Delaware corporation f/k/a National
Car Rental, ALAMO FINANCING, L.P., a
foreign limited partnership, ALAMO RENT-
A-CAR (CANADA) Inc., a Florida
corporation, GREGORY DAVIS,

           Defendants.
_____

**O R D E R**

This case is one of three actions before this Court, all of which center on a February 2, 2005 motor vehicle accident which killed two people and seriously injured a third. On May 26, 2006, the Plaintiff in this case, the surviving spouse and personal representative of the estate of Jose Garcia, filed this wrongful death lawsuit in the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida. On June 29, 2006, the Defendants removed the case to this Court on the basis of diversity jurisdiction. See 28 U.S.C. §§ 1332, 1441 and 1446. The Plaintiff filed a motion to remand on the grounds that the Court

lacks subject-matter jurisdiction because two of the Defendants - Vanguard Rental (Belgium) Inc., and Alamo Rent-A-Car (Canada), Inc. - are residents of Florida (Doc. 11). On October 31, 2006, the United States Magistrate Judge issued a Report (Doc. 21) recommending that the Plaintiff's Motion to Remand be denied.

The very next day, following a preliminary pretrial conference with counsel for all parties in this case and the related actions, the Magistrate Judge entered an Order (Doc. 22) consolidating this case with the two related actions:  Santos Ruiz, et al. v. Vanguard Car Rental, USA, Inc., et al., case no. 5:06-cv-221-Oc-10GRJ, and Vanguard Car Rental USA, Inc. et al. v. Maria Garcia, et al., case no. 5:05-cv-422-Oc-10GRJ for purposes of all further pretrial proceedings.  The Ruiz case is a wrongful death diversity jurisdiction lawsuit virtually identical to the present case, while the Vanguard case is a declaratory judgment action concerning the potential application of a recently enacted federal statute.  The Magistrate Judge also directed that all further filings be made in the Garcia case.

At the time the Magistrate Judge entered this Order, a motion to remand was pending in the Ruiz case, and a motion to dismiss was pending in the Vanguard case.[1] On November 2, 2006, the Magistrate Judge issued a Report (case no. 5:06-cv-221-Oc-

---

[1] The Plaintiffs in the Vanguard action are three of the rental car companies who are the Defendants in the Garcia and Ruiz actions, and the Defendants in Vanguard are the same Plaintiffs in the Garcia and Ruiz actions.  The motion to dismiss in Vanguard is based on an alleged lack of subject-matter jurisdiction, and contains in large part the same arguments the Plaintiffs put forth in their motions to remand in Garcia and Ruiz.  The only difference is that the Defendants in Vanguard also contend the Court lacks federal question jurisdiction.  Because the Court agrees with the Magistrate Judge that diversity jurisdiction exists, the Court need not reach the issue of federal question jurisdiction.

10GRJ, Doc. 22) recommending that the motion to remand in Ruiz be denied. The Magistrate Judge's Reports and Recommendations in Ruiz and Garcia are identical in almost all respects. As a result, and pursuant to the Magistrate Judge's directive, the Ruiz and Garcia Plaintiffs submitted only one set of objections to both Report and Recommendations, which was filed in the Garcia case (Doc. 25).[2] The Defendants in both cases have filed a response to the objections (Doc. 28), and therefore both Reports and Recommendations are ripe for review.

The Court has conducted a de novo review of the Magistrate Judge's Reports and Recommendations, the Plaintiffs' objections and the Defendants' responses, and agrees with the Magistrate Judge's well-reasoned Reports and Recommendations. The Plaintiffs' objections are simply a recitation of their prior arguments; they do not raise any new arguments or facts which were not taken into consideration by the Magistrate Judge.

Accordingly, it is hereby ORDERED and ADJUDGED that:

(1)  The Magistrate Judge's Reports and Recommendations (case no. 5:06-cv-220-Oc-10GRJ, Doc. 21; and case no. 5:06-cv-221-Oc-10GRJ, Doc. 22) are ADOPTED, CONFIRMED and made a part hereof;

(2)  The Plaintiffs' Objections (Doc. 25) are OVERRULED;

(3)  The Plaintiffs' Motions to Remand (case no. 5:06-cv-220-Oc-10GRJ, Doc. 11; and case no. 5:06-cv-221-Oc-10GRJ, Doc. 12) are DENIED;

---

[2]The Plaintiffs also filed Notice of Supplemental Authority on November 21, 2006 (Doc. 29).

(4)     The Defendants' Motion to Dismiss in the Vanguard declaratory judgment action (case no. 5:05-cv-422-Oc-10GRJ, Docs. 12, 43) is DENIED for the reasons set forth in the Magistrate Judge's Reports and Recommendations in Garcia (Doc. 21) and Ruiz (Doc. 22).

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 27th day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record