UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARIA D. GARCIA, as surviving spouse, as
Administrator and Personal Representative of
the Estate of Jose Garcia and on behalf of her
minor children Gabriela Garcia and Luis
Garcia,

            Plaintiff,

v.                                                    Case No.  5:06-cv-220-Oc-10GRJ

VANGUARD CAR RENTAL USA, INC., a
Delaware corporation, VANGUARD RENTAL
(BELGIUM) INC., a Florida corporation,
NATIONAL RENTAL (US), INC., a Delaware
corporation f/k/a National Car Rental, ALAMO
FINANCING, L.P., a foreign limited
partnership, ALAMO RENT-A-CAR (CANADA)
Inc., a Florida corporation, GREGORY DAVIS,

            Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant, Gregory Davis' Motion to Quash and Incorporated Memorandum of Law. (Doc. 5.) Plaintiff has filed a response in opposition (Doc. 10) and this motion is therefore ripe for review. For the reasons discussed below, Defendant's Motion To Quash is due to be **GRANTED**.

## I. BACKGROUND AND FACTS

Plaintiff's complaint, arising out of an automobile accident, was filed in state court on May 26, 2006, and then removed to this Court on June 29, 2006. (Docs. 1 & 2.)

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Service of process was made on Defendant Davis, the driver of one of the vehicles, through substituted service on the Secretary of State of Florida. On July 17, 2006, Defendant Davis filed the instant motion to quash service of process alleging that "Plaintiff has failed to strictly comply with the applicable statute on substituted service." After the return date for the service of process and after Defendant had challenged service of process, Plaintiff filed a response in opposition on July 27, 2006 with an affidavit of compliance detailing the Plaintiff's due diligence in attempting to locate Defendant Davis.

The record reflects that on June 7, 2006, Plaintiff transmitted to the Secretary of State of Florida, by certified mail, a copy of the Summons and Complaint.[2] The Secretary of State of Florida accepted the summons and complaint as agent on behalf of Defendant Davis and filed it as part of the records of the Secretary of State on June 13, 2006 at 4:00 p.m.[3] On June 7, 2006, Plaintiff also transmitted to Defendant Davis, by certified mail, return receipt requested, a copy of the Summons and Complaint addressed to 590 Centerville Road, Apt. 326, Lancaster, PA. 17601, which Plaintiff contends was the last known address for Defendant Davis.[4]

The summons required the Defendant to serve written defenses to the Complaint within twenty (20) days. Accordingly, the return date for the summons was July 3, 2006, twenty days after service on the Secretary of State.

---

[2] Doc. 10, attachment 3, certified mail receipt.

[3] Doc. 5, attachment, June 22, 2006 certificate sent to Plaintiff's counsel.

[4] Doc. 10, attachment.

## II. **DISCUSSION**

Defendant Davis argues that Plaintiff failed to "file the return receipt for the papers mailed to the defendant along with an affidavit showing compliance with the applicable statute." In addition, the "record reflects no attempt by Plaintiff to serve Defendant Davis by registered or certified mail, and contains no affidavit of compliance reflecting any attempt to serve him by mail. As a result, service of process was not perfected."

Plaintiff did not file the affidavit of compliance until July 27, 2006, which was after the return date and after the Defendant had challenged compliance with the substituted service statute. Plaintiff argues that he did not file the affidavit of compliance because he was waiting for the return receipt from Plaintiff and that his "actions are in full compliance with § 48.161, which permits the affidavit of compliance to be filed on ... the return day of the process."

Because Defendant Davis was operating a motor vehicle in the State of Florida, Plaintiff was authorized to utilize the substituted service provisions under Florida law. Florida Statute 48.171, provides that any nonresident of Florida who operates a motor vehicle constitutes the Secretary of States as his or her agent for the service of process in any civil action begun in the courts of the state against the nonresident, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.[5]

---

[5] Fla. Stat. § 48.171. (2006).

Florida Statute 48.161 - Florida's substituted service statute - provides that substituted service of process shall be made on the public officer "[b]y leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office by mailing the copies by certified mail to the public officer with the fee." The substituted service statute goes on to require that the Plaintiff also send notice of service and a copy of the process by "registered or certified mail to the defendant" and then file the "defendant's return receipt and the affidavit of the plaintiff of compliance ... on or before the return day of the process or within such time as the court allows..."[6]

Thus, to perfect service of process under § 48.161 the plaintiff must meet three requirements: (1) notice sent by registered or certified mail to the Secretary of State and the Defendant, (2) file the Defendant's return receipt, and (3) file the affidavit of compliance.[7]

These requirements are not mere guidelines but rather must be expressly followed. Florida courts have uniformly observed that "[b]ecause the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, due process values require *strict compliance* with the statutory requirements."[8] Where a plaintiff has failed to strictly comply with section 48.161 the court does not have jurisdiction.[9]

---

[6] Fla. Stat. § 48.161. (2006).

[7] Wyatt v. Haese, 649 So.2d 905, 907 (Fla. Dist. Ct. App. 1995).

[8] Monaco v. Nealon, 810 So. 2d 1084, 1085 (Fla. Dist. Ct. App. 2002); *see also,* Wyatt, 649 So.at 907("Perfection of substituted service requires strict compliance with the statutory prerequisites because such service is an exception to personal service."); Shiffman v. Stumpf, 445 So.2d 1104, 1105 ("Cases construing ... substituted service statutes have repeatedly held that such statutes must be strictly construed and complied with.").

[9] Stumpf, 445 So. 2d at 1105.

Plaintiff has complied with the first requirement of § 48.161 by transmitting a copy of the summons and complaint to the Secretary of State and by sending a copy of the summons and complaint to the Defendant by certified mail. The problem, however, is that the Plaintiff has failed to satisfy the other two requirements of the statute by failing to file the return receipt and by failing to file the affidavit of compliance before the return date.

Plaintiff argues that he did not file the return receipt because he never received one from the Defendant. The Plaintiff further suggests in his supplemental affidavit that he has used due diligence to notify the Defendant and that most recently he has obtained confirmation of delivery of the summons and complaint to Defendant through the tracking function of the U.S. Postal Service Website, but to date has not yet received the signed return receipt.[10]  Plaintiff contends that the Supplemental Affidavit he has filed "demonstrates the elusiveness of [the] Defendant and likely efforts to conceal himself."[11]

The Court need not determine, however, whether the Plaintiff has exercised due diligence in locating Defendant Davis or whether the Plaintiff has established that Defendant Davis is evading service because the simple fact remains that the Plaintiff did not file the affidavit of compliance with the Court as required by § 48.161 *before* the return date for the process or within such other time as the Court allows.

---

[10] Doc. 35, ¶13, Supplemental Affidavit.

[11] Doc. 35.

The summons issued in this case required the Defendant to file his written defenses within twenty days. The return date for service was triggered on June 13, 2006 at 4:00 p.m., the date the Secretary of State certified that he received and filed the summons and complaint. Consequently, the Plaintiff was required to file the affidavit of compliance within the return date, which was July 3, 2006, twenty days after service on the agent. The fact that the Plaintiff had not received the signed return receipt from the Defendant does not excuse strict compliance with this statutory requirement. Plaintiff could have requested additional time to file the affidavit of compliance or could have filed the affidavit of compliance and recited that he did not attach the signed return receipt because it had not been received from the Defendant. Plaintiff, however, failed to do either.

While a court may dispense with the filing of a postal receipt under the substituted service statute where a defendant is evading service,[12] that is a different issue from whether a court may excuse the failure to file the affidavit of compliance. On this issue Florida courts have been legion in holding that the "failure to timely file an affidavit of compliance alone warrants quashing of the substituted service."[13] Consequently, even if the Plaintiff had established that Defendant Davis was evading service, that would only excuse the failure to file the signed return receipt and would not

---

[12] *See,* Wise v. Warner, 932 So. 2d 591, 592 (Fla. Dist. Ct. App. 2006).

[13] Monaco, 810 So.2d 1084; Wyatt, 649 So. 2d at 907; Stumpf, 445 So.2d 1104 (substituted service of process quashed where affidavit of compliance was filed after the motion to quash was filed.); Smith v. Import Birds, Inc., 461 So. 2d 1026 (Fla. Dist. Ct. App. 1985)("Plaintiff failed to file his affidavit of compliance by the return day of the process."); Law Offices of Evan I. Fetterman v. Inter-Tel Incorporated, 480 So. 2d 1382, 1386 (Fla. Dist. Ct. App. 1985).

excuse the failure to file the affidavit of compliance as required by the substituted service statute.

Accordingly, because there is no dispute that Plaintiff did not file the affidavit of compliance before the return date on the summons - and instead filed the affidavit of compliance only after Defendant moved to quash service of process - the Court concludes that the Plaintiff has failed to comply strictly with the requirements of Florida Statute 48.161 and, therefore, the Defendant's Motion to Quash is due to be granted and service of process should be quashed. However, even though service of process is due to be quashed that does not mean that Plaintiff is precluded from attempting properly to perfect substituted service of process on the Secretary of State of Florida in strict compliance with § 48.161.[14]

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant, Gregory Davis' Motion to Quash should be **GRANTED**, service of process should be quashed and the Plaintiff should be given an opportunity to perfect service of process on Defendant Davis.

**IN CHAMBERS** in Ocala, Florida, on February 15, 2007.

Copies to:

    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    Counsel of record

GARY R. JONES
United States Magistrate Judge

---

[14] *See,* Law Offices of Evan I. Fetterman, 480 So. 2d at 1386 ("we reverse the order of dismissal and remand with instructions to permit appellant an opportunity to perfect service of process ... ").